# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WILEY, | Case No.: 1:19-cv-01407 - LJO  JLT |
| Plaintiff, | ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED AS DUPLICATIVE |
| v. | |
| ROBERT GOODMAN, et al., | |
| Defendants. | |

On October 7, 2019, Anthony Wiley filed a complaint Robert Goodman; the Bakersfield Police; and Superior Court of Kern County California. (Doc. 1) Plaintiff contends the defendants are liable for a violation of the Privacy Act of 1974, hate crime against a disabled American, judicial misconduct, judicial corruption, and RICO violation. (*Id.* at 4) Plaintiff asserts he was arrested "for a crime already litigated," and faced corruption in the family court where the judge "allowed documents obtained in violation of the 1974 privacy act." (*Id.* at 9) Although the amount in controversy is not clearly identified, Plaintiff refers to an "unlawful $100,000" lien placed on [his] home." (*Id.*)

Significantly, the same date as Plaintiff filed the instant action, he filed a different complaint against Robert Goodman, the Bakersfield Police Department, and the Kern County Superior Court, initiating Case No. 1:19-cv-001406-AWI-JLT.[1] In that action, Plaintiff alleges that he "was arrested

---

[1] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally

1

and held to answer [for] something already litigated." (Case No. 1:19-cv-001406-AWI-JLT, Doc. 1 at 8) He asserts he is arrested "[e]very 4 years," for a total of three times in twelve years, and he was unlawfully detained "3 times for the same charge." (*Id.* at 8, 9) According to Plaintiff, the "courts failed due process" and a judge in the family law division "harmed Plaintiff" using domestic violence orders. (*Id.* at 8) He contends the superior court also acted "in violation of [the] 1974 Privacy Act." (*Id.*) Finally, Plaintiff alleges a $100,00 lien was placed on his home, which result in a loss of business. (*Id.* at 9) For these actions, Plaintiff asserts the defendants are liable for violations of "equal protection under the law, crimes against the disabled, failure of due process, judicial corruption, judicial misconduct," and violation of the Privacy Act of 1974. (*Id.* at 4, 8)

Significantly, a plaintiff generally has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted). To determine whether a suit is a duplicate, the Court must examine "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citing *The Haytian Republic*, 154 U.S. 118, 124 (1894)); *see also Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993) (explaining a suit is duplicative when "the claims, parties, and available relief do not significantly differ between the two actions"). Here, the parties in the two actions are the same, the facts alleged are very similar, and the claims do not significantly differ. In addition, the available relief to Plaintiff is the same in both actions. Thus, the Court finds the matter appears duplicative of complaint filed in Case No. 1:19-cv-01406-AWI-JLT.

Accordingly, **within fourteen days**, Plaintiff **SHALL** show cause in writing why this action should not be dismissed as duplicative of Case No. 1:19-cv-01406-AWI-JLT.

///

///

---

known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Thus, the Court may take judicial notice of its records, because its accuracy cannot reasonably be questioned. *See Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981). Accordingly, judicial notice is taken of the Court's docket in Case No. 1:19-cv-01406-AWI-JLT.

2

**Plaintiff is advised that his failure to comply with this order may result in the dismissal of this action without further notice.**

IT IS SO ORDERED.

    Dated: **October 23, 2019**           **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE